# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDGEWATER BEACH APARTMENTS CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 C 5375 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| FRONTIER INSURANCE COMPANY, IN ) | |
| REHABILITATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Edgewater Beach Apartments Corporation ("EBAC"), an Illinois entity, has brought suit against Defendant Frontier Insurance Company ("Frontier"), a New York entity, alleging that Frontier breached a performance bond and payment bond by refusing to perform on these bonds. The court previously granted dismissal of EBAC's Amended Complaint because EBAC's allegations therein made clear it brought its claims after applicable limitations period under each bond. Recognizing that EBAC alleged some facts suggesting Frontier had waived or was estopped from asserting the limitations period, however, the court allowed EBAC the opportunity to re-plead. EBAC filed its Second Amended Complaint, of which Frontier now seeks dismissal, again on the ground that EBAC's causes of actions are barred by the limitations period.[1]

The parties agree, and the pleadings in this case bear out, that the contractual limitations period expired before EBAC filed suit. Therefore, EBAC's Second Amended Complaint can avoid

---

[1] Frontier also reasserts the argument that the Rehabilitator, not Frontier, engaged in the conduct of which EBAC complains, such that EBAC cannot maintain a claim against Frontier based on the factual allegations set forth in the Second Amended Complaint. The court previously considered and rejected this claim. (*See* Doc. No. 27, at 8-9.) The court noted in its previous order that Frontier's argument failed "[a]t this stage." (*Id.*) The stage has not changed since the court's last opinion, as the parties recognize. Frontier has lodged substantially the same argument here "for appellate purposes." That argument is rejected, as it was before, but the court notes that it has not expressed any opinion regarding the viability of this argument at a later stage in this litigation.

dismissal only if Frontier waived the limitations period defense or is estopped from raising it. *Mathis v. Lumbermen's Mut. Cas. Ins. Co.*, 822 N.E.2d 543, 547-48 (Ill. App. Ct. 2004). Neither party has raised any argument or pointed to any allegations suggesting that Frontier is estopped from raising the limitations period. The court therefore considers only whether the Second Amended Complaint sufficiently alleges that Frontier waived the limitations period.

## ANALYSIS[2]

### I. Pleading Standards

A threshold issue between the parties is the pleading standard relevant to EBAC's claims. A state-law claim proceeding in federal court on the basis of diversity jurisdiction is subject to federal notice pleading standards. *See Windy City Metal Fabricators & Supply, Inc.*, 536 F.3d 663, 670-72 (7th Cir. 2008). On a Rule 12(b)(6) motion, the court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The allegations must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff bringing a general claim

---

[2] A more complete background is set forth in the court's previous order dismissing EBAC's amended complaint; repetition of that background is unnecessary here, as the procedural disposition of this case has not materially changed.
As noted previously, for purposes of this motion, the court accepts all facts pled in the complaint as true, except to the extent that allegations are contradicted by attached exhibits. *See Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002); *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998).

need not plead particularized facts, but the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face[.]" *Id.* at 570; *see also Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (citing *Twombly*, 550 U.S. at 555).

Turning to the parties' dispute, EBAC is indeed correct that the Federal Rules of Civil Procedure, even given the gloss of *Twombly* and *Iqbal*, establish a notice-pleading regime. However, the sufficiency of any such notice, as described above, must be measured by the facts alleged, and not by legal conclusions. Therefore, EBAC's contention that "a plaintiff in a federal case is not required to plead facts supporting its 'conclusions'" is poorly taken; legal conclusions are entitled to no weight, *see Iqbal*, 129 S. Ct. at 1949-50, so that a pleader who rests on his conclusions fails to meet even the comparatively low federal pleading standard.

The facts that EBAC pleads must be sufficient to give notice that it is entitled to relief. Here, that notice is complicated by EBAC's allegations it did not file suit until after the expiration of the contractual limitations period. That being so, EBAC bears the burden of pleading waiver, just as it bore the burden of pleading its initial case. *See Kincheloe v. Farmer*, 214 F.2d 604, 605 (7th Cir. 1954) ("Plaintiff by the allegations of his complaint erected the limitation bar and it was his duty in order to extricate himself therefrom to plead any exceptions upon which he relied."); *see also Weismann Institute of Sci. v. Neschis*, 421 F. Supp. 2d 654, 684-85 (S.D.N.Y. 2005); *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (noting that, in Title VII action, plaintiff bears burden of pleading "facts supporting equitable avoidance of the defense"). To do so, it must plead dates suggesting that waiver applies. *See* Fed. R. Civ. P. 9(f) (noting that allegations of time and date are material to disposition of Rule 12(b)(6) motion); *see also Kincheloe*, 214 F.2d at 605.

3

## II. Waiver

Applying the appropriate pleading standards, the relevant questions are whether EBAC has adequately pleaded facts giving reasonable notice to Frontier of a valid claim of waiver. Evaluation of EBAC's allegations first requires an understanding of Illinois law on waiver. As Frontier asserts, "Waiver arises from an affirmative act and not by operation of law. It is consensual and consists of the intentional relinquishment of a known right." *W. Cas. & Sur. Co. v. Brochu*, 475 N.E.2d 872, 878 (Ill. 1985) (citations omitted). The words or conduct of an insurer "must be inconsistent with the intention to rely on the requirements of the policy" to constitute waiver. *Nat'l Tea Co. v. Commerce & Indus. Ins. Co.*, 456 N.E.2d 206, 213 (Ill. App. Ct. 1983) (internal quotation marks and citation omitted). However, "consensual" and "intentional" are not synonymous with "express," and "A waiver may be express or implied, arising from acts, words, conduct, or knowledge of the insurer. It is unilateral, as no act of the insured is necessary to complete it." *Brochu*, 475 N.E.2d at 878 (citations omitted). Still, implied waiver cannot be established by half-measures; rather, "where waiver is implied from conduct, the act . . . must be clear, unequivocal, and decisive." *Nat'l Tea Co.*, 456 N.E.2d at 213. "Waiver also may be shown by facts from which it would appear that the enforcement of the provision would be unjust or unconscionable." *Mathis*, 822 N.E.2d at 548 (internal citation omitted).

Here, the limitations period ran on February 14, 2008. EBAC alleges that "Frontier has waived compliance with the time limitations." (Compl. ¶ 16.) As explained above, this conclusory allegation, standing alone, is entitled to no weight. EBAC then alleges that in May 2008 it demanded a determination on its claim, and that the Frontier rehabilitator did not respond until October 2008. (*Id.*) However, EBAC's demand and Frontier's response both came after the expiration of the limitations period. Neither party has briefed whether EBAC's demand, made after

4

the expiration of the limitations period, followed by a similarly out-of-time response by the Frontier rehabilitator, constitutes a waiver by Frontier. While an insurer risks waiver of a contractual limitations period by not responding to a claim within that period, *see Dickman v. Country Mut. Ins. Co.*, 458 N.E.2d 199, 200-01 (Ill. App. Ct. 1983), the insurer's delay is of no effect if the insured does not give notice to the insurer until after the running of the limitations period.

EBAC further alleges:

> 15. From February 14, 2006 until to [*sic*] the present, EBAC and ACI[3] have actively sought to secure payment of their claims from Frontier. They provided large quantities of information to its claim adjuster and carried on an extensive correspondence with him. Frontier finally appointed an expert investigator to review the expenditures made by EBAC to complete the project, and EBAC co-operated with the investigator and provided all requested information for his assistance.
>
> 16. . . . Frontier continued to investigate and handle EBAC's claim and ACI's claim long after the expiration of the applicable time limitations without raising the same.

(Compl. ¶¶ 15-16.) Evaluation of these remaining allegations involves both the question of whether the allegations are substantively sufficient to state a claim for waiver by Frontier and, if so, whether they suggest waiver within the limitations period. As discussed above, the allegation that EBAC did all it could to pursue its claim, and that Frontier failed to resolve that claim within the limitations period, is substantively sufficient to establish waiver. *See Dickman*, 458 N.E.2d at 200-01 (noting, in evaluating waiver, "a duty upon insurance companies to either affirm or deny coverage within a reasonable period of time after notification of a claim"); *see also State Farm Mut. Auto. Ins. Co. v. Gray*, 570 N.E.2d 472, 475-76 (Ill. App. Ct. 1991). But it is unclear when EBAC and Frontier took these actions.

---

[3] According to EBAC's Second Amended Complaint, ACI assigned its interest in its claim against Frontier, which arose out of ACI's asbestos remediation services to the EBAC premises, to EBAC as part of settlement of ACI's mechanic's lien on the premises. (Compl. ¶¶ 9-10.)

As stated above, EBAC's and Frontier's actions are of little relevance if EBAC did not act until some date after the limitations period ran; EBAC's argument that Frontier sat on EBAC's claim until after the limitations period ran assumes that EBAC acted promptly. Whether EBAC made a claim, when it made its claim, and when Frontier responded is still entirely unclear from the allegations in the Second Amended Complaint. If EBAC seeks to assert waiver, it must plead so with relevant dates. *See* Fed. R. Civ. P. 9(f); *see also Kincheloe*, 214 F.2d at 605.

EBAC is represented by counsel, and has already had three opportunities to file a sufficient complaint, yet has failed to do so. Nevertheless, EBAC's current allegations suggest that it may be able to plead waiver (with specific, sufficient dates) based on Frontier's alleged failure of diligence. The court will grant EBAC one additional opportunity to re-plead.

## CONCLUSION

The court grants Frontier's motion to dismiss without prejudice. EBAC has 21 days to re-plead or the dismissal will be with prejudice.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: February 18, 2010

6