Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5375 | **DATE** | 7/20/2010 |
| **CASE TITLE** | Edgewater Beach Apartments Corporation vs. Frontier Insurance Company in Rehabilitation | | |

**DOCKET ENTRY TEXT**

Opinion. Defendants' motion to dismiss [71] is granted in part and denied in remaining part.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff Edgewater Beach Apartments Corporation ("EBAC") brought this case against defendant Frontier Insurance Company, in Rehabilitation ("Frontier") for Frontier's failure to make payments on two bonds related to construction on EBAC's property. Specifically, EBAC seeks to recover pursuant to a Performance Bond and a Payment Bond; on both bonds, Frontier was the surety. The court has dismissed previous iterations of EBAC's complaint (*see* Docs. 27, 67) on timeliness grounds, but in each case allowed EBAC leave to re-plead to allege facts relevant to Frontier's alleged waiver of the contractual limitations period applicable to each bond, or estoppel from asserting the limitations period as a defense. Presently before the court is Frontier's motion to dismiss (Doc. 71) EBAC's Third Amended Complaint (Doc. 70).

Count I - Performance Bond

     On February 10, 2006, the contractor at issue defaulted, beginning the running of the Performance Bond's two-year contractual limitations period. (*See* Doc. 70, ¶ 31 & Ex. A at 3.) However, EBAC did not file suit until September 19, 2008, more than two years after the limitations period began to run. Thus, EBAC's claim is barred unless Frontier waived the limitations period or is estopped from asserting it. *See Mathis v. Lumbermen's Mut. Ins. Co.*, 822 N.E.2d 543, 547-48 (Ill. App. Ct. 2004). In its last complaint, EBAC alleged that it: filed its claim with Frontier on February 14, 2006; attempted to secure a determination from Frontier on its claim; was told by Frontier that claims could only be processed through Frontier's rehabilitation procedure; and did not receive a determination until after it filed suit. These allegations were substantively sufficient to allege that Frontier waived the limitations period but were not date-specific, meaning that Frontier's waiver may have come after the expiration of the limitations period. (*See* Doc. 67.)

     In its Third Amended Complaint, EBAC restates its previous allegations and further alleges that

between November 2007 and January 2008, Frontier told EBAC that it was processing EBAC's claim, and that it would notify EBAC if it needed additional documentation, or, alternatively, if the claim file was complete and Frontier would "proceed to the next step of the [claims] procedure." (Doc. 70 ¶ 20.) Frontier allegedly further represented to EBAC that EBAC's sole means of recovery pursuant to its claim was through the rehabilitation procedure established for Frontier. (*Id.* ¶ 20.) EBAC alleges that it eventually lost faith in the rehabilitation procedure and filed suit in September 2008. (*Id.* ¶ 27.) It was not until after EBAC filed suit that Frontier finally denied EBAC's claim.

As previously noted, Illinois law "impose[s] a duty upon insurance companies to either affirm or deny coverage within a reasonable period of time after notification of a claim." *Dickman v. Country Mut. Ins. Co.*, 458 N.E.2d 199, 201 (Ill. App. Ct. 1983). The failure of an insurance company to affirm or deny coverage, without more, does not necessarily constitute a waiver of the limitations period;[1] rather, to be barred from asserting a limitations period defense, the insurer must act in some way inconsistent with its later assertion of the limitations period, or the insured must reasonably rely on conduct by the insurer to the insured's detriment. *See Ames v. Crown Life Ins. Co.*, 406 N.E.2d 222, 225-25 (Ill. App. Ct. 1980). Here, EBAC alleges that Frontier misled it before the expiration of the Performance Bond's limitations period by representations regarding the processing of EBAC's claims, and that EBAC relied on Frontier's representations until after the limitations period expired. These allegations, taken to be true at this stage, suffice, whether termed waiver or estoppel. *See Dickman*, 458 N.E.2d at 202 (finding that allegations established "waiver by estoppel" in case in which defendants' "actions could have led the plaintiff to believe his claim was still being considered by the defendant."). Therefore, Frontier's motion to dismiss is denied with respect to Count I of EBAC's Third Amended Complaint, which concerns EBAC's claim based on the Performance Bond.

Count II - Payment Bond

When EBAC filed suit on September 19, 2008, it also sued on a Payment Bond based on a claim assigned to it by a subcontractor to the defaulting contractor. (The subcontractor assigned EBAC the claim as part of a settlement of the subcontractor's mechanic's lien on EBAC's property.) According to EBAC's Third Amended Complaint, the Payment Bond requires suit to be filed within one year from the date on which (a) the claimant gave Frontier the required notice of non-payment or (b) the claimant performed the last labor performed, whichever is earlier. (Doc. 70, Ex. A at 5.) EBAC's allegations do not specifically set forth when the subcontractor last worked, or when it submitted its claim to Frontier under the Payment Bond. (Doc. 70 ¶ 10.) Nor do EBAC's allegations set forth what communications Frontier made to the subcontractor regarding the processing of the subcontractor's claim. Rather, EBAC alleges merely that the subcontractor "submitted its claim to Frontier under the Frontier payment bond, but Frontier failed to pay it." (*Id.*) Based on the other allegations in the complaint, the court can infer only that the limitations period began to run in the spring of 2006, when work on the property stopped. (Doc. 70 ¶ 31.) Thus, EBAC filed suit more than one year after the Payment Bond's limitations period began to run, and its claim is time-barred unless Frontier waived the limitations defense or is estopped from asserting it.

In its Third Amended Complaint, EBAC asserts that the subcontractor "received substantially the same representations and assurances" regarding Frontier's rehabilitation order and procedure that EBAC received (Doc. 70 ¶ 41), apparently suggesting that Frontier's limitations defense is similarly waived with respect to EBAC's claim on the Payment Bond. However, Frontier made representations to EBAC beginning in November 2007. (*Id.* ¶¶ 21-22.) If the subcontractor received "substantially the same representations and assurances," those representations and assurances came after the expiration of the one-year limitations period applicable to claims arising from the Payment Bond. Therefore, based on the Third Amended Complaint, the

| STATEMENT |
|---|

limitations period on the Payment Bond expired without any representations from Frontier that it intended to act on the subcontractor's claims. Moreover, EBAC came into possession of the subcontractor's claim only in October 2007, after the running of the limitations period. (Doc. 70, Ex. F.) EBAC cites no authority suggesting that Frontier's alleged representations after the expiration of the limitations period somehow revived claims on the Payment Bond that had previously expired. EBAC's claim arising from the Payment Bond is time-barred, and its Count II is dismissed.

Count III - Vexatious and Unreasonable Refusal to Pay Insurance Claims

EBAC brings Count III for the "Vexatious and Unreasonable Refusal To Pay Insurance Claims." Count III is based entirely on Frontier's conduct with respect to the Payment Bond and the Peformance Bond. EBAC has presented no reason that the limitations periods applicable to its Count III should differ from those applicable to the other counts based on the bonds. Accordingly, EBAC's Count III is dismissed to the extent it is stated based on the Payment Bond.[2]

1. Under 215 Ill. Comp. Stat. 5/143.1, the contractual limitations period applicable to some insurance contracts is tolled until the insurer makes a determination on the claim at issue. However, surety contracts such as the bonds at issue here are specifically exempt from the statutory tolling provision, meaning that the bonds were not subject to such tolling.

2. Frontier also re-raises additional bases for dismissal that it raised its previous motions, and that the court rejected in its previous opinions in this case. (Docs. 27, 67.) The court declines to revisit those opinions.